SHATTUCK v. SOUTHERN TRAVELERS' ASS'N et al. (No. 3423.)

Court of Civil Appeals of Texas. Texarkana. June 16, 1927.

1. **Injunction** ⬅136(2)—**Refusal of temporary order enjoining beneficial association from paying out money available until final judgment in action on certificate held proper.**

Refusal of temporary restraining order against association's paying out money until final judgment in action on benefit certificate, where answer alleged certificate was payable in monthly sums, over a period of 120 months, from funds to be provided by assessments, and that to hold funds on hand would unduly delay payment of prior just and undisputed claims, was proper, in view of doubt whether there would be surplus remaining after payment of prior claims then payable and of association's charter showing it was conducted wholly on assessment plan.

2. **Injunction** ⬅137(1)—**Court should consider relative inconvenience or injury to third persons by granting or refusing injunction.**

Court should consider relative inconvenience or injury which may be sustained by third persons by granting or refusing of applications for injunction.

Appeal from District Court, Cherokee County; C. A. Hodges, Judge.

Suit by Dessie Shattuck against the Southern Travelers' Association and others. From an order denying an application for a temporary injunction, plaintiff appeals. Affirmed.

Perkins & Perkins, of Rusk, for appellant. S. W. Blount, of Nacogdoches, for appellees.

LEVY, J. [1] The appeal is from an order in chambers denying an application for temporary injunction. The suit was based on a policy of insurance. According to the allegations of the petition, W. F. Shattuck was accidentally killed on November 23, 1926. He had a benefit certificate covering death through violent and accidental means, in the sum of $12,000, which was payable to his estate and was issued by appellee association, a mutual accident association. A judgment for the amount of the policy was sought. After alleging that "the certificate constituted a contract between W. F. Shattuck and the defendant, the payment of the benefit conditioned upon its being collected by the company on assessments and orders as provided in its by-laws," the petition further alleged as follows:

"The defendant is an assessment company, and its liability is fixed at the total sum it may raise by assessment, if an assessment is necessary to supplement the funds on hand; and plaintiff is informed and believes, and so charges, that the funds on hand are insufficient to pay plaintiff's claim, and unless an assessment is made at the present time, by reason of the change, reorganization, and diminution of the membership of said association, she may be without remedy to collect her debt."

Based on this allegation, prayer for temporary injunction reads as follows:

"* * * That she have a temporary order of this court enjoining defendant from in any manner using or paying out any fund or any part of a fund available for the payment of plaintiff's claim until the said $13,000 be provided by assessment or otherwise, and appropriated, set aside, and designated as a fund for the payment of plaintiff's claim, and enjoining defendant from making any use of said fund until final judgment in this court."

The prayer on final hearing was also for "judgment for amount due plaintiff, with legal interest thereon, for execution, for writ of mandamus, for general and special relief, and for costs."

The court set a hearing on the application for March 15, 1927, in chambers. The defendant appeared and filed a sworn answer, attaching a copy of the charter and by-laws of the association. The hearing was had on the petition and answer, as alleged, and no oral evidence was offered. The court entered an order refusing a temporary injunction.

The question on appeal is that of whether or not the appellant was entitled to a temporary injunction. Considering alone the appellant's petition, a cause of action is alleged, and a probable injury might result to her in refusing to impound "the funds on hand," in virtue of "the change, reorganization, and diminution of the membership in said association," assuming that fact to be true. But considering the verified answer and the petition together a different view entirely is presented, justly requiring the refusal, as done by the judge, of a restraining order.

The answer pleaded, first, that the claim sued for was not based in fact on an accidental death, and was not within the terms of the certificate. The right of recovery on the certificate was thus disputed and not certain. And the answer then set up that the certificate specially provided that it was payable, not in a lump sum of $12,000, but "at the rate of $100 per month," covering a period of 120 months, to be provided for and paid by assessments on the members of the association as the installments accrued, and conditioned upon assessments being actually paid by the

members. A copy of the charter of the association showed that it was without capital stock and to be conducted wholly upon the assessment plan for payment of each benefit as liability thereon might arise. Each member of the association was to pay each direct call for assessment on a benefit payable, when payable, and the fund so derived should be paid on that benefit according to its terms, and not disbursed otherwise. It was further alleged that to hold up by injunction the present funds now on hand, collected by assessments for payment of "prior just and undisputed claims," until such time as it is "finally adjudged that plaintiff has a valid claim," would unjustly and unduly delay payment of such "just and undisputed claims" and be a diversion of the special funds.

[2] The answer sufficiently met the application of appellant, in denial of a temporary restraining order as prayed for. To apply the present special funds to appellant's claim would be a diversion from the purpose for which they were assembled, not authorized to be done; and it is purely conjectural that there may be "a surplus" remaining after payment of prior claims now payable. To grant the injunction would probably injuriously affect and unduly delay performance by the appellee of the duties it owes third persons, and cause pecuniary injury to such persons by impounding the present special funds on hand. It is well-observed rule that the court shall take into consideration the relative inconvenience or injury which may be sustained by third persons by the granting or refusing of an application for injunction.

The judgment is affirmed.